SUMMARY ORDER

Petitioner Cheng Jiang, a native and citizen of China, seeks review of the August 25, 2008 order of the BIA affirming the January 26, 2007 decision of Immigration Judge (“IJ”) Noel A. Brennan denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Cheng Jiang, No. A 99 533 202 (B.I.A. Aug. 25, 2008), aff'g No. A 99 533 202 (Immig. Ct. N.Y. City January 26, 2007). We assume the parties’ familiarity with the underlying facts and procedural history of this case.
When the BIA agrees with the IJ’s conclusion that a petitioner is not credible and, without rejecting any of the IJ’s grounds for decision, emphasizes particular aspects of that decision, this Court reviews the IJ’s decision including the portions not explicitly discussed by the BIA. Yun-Zui Guan v. Gonzales, 432 F.3d 391, 394 (2d Cir.2005). We review the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). The agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant’s demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go “to the heart of *78 the applicant’s claim.” 8 U.S.C. § 1158(b)(l)(B)(iii). Thus, we “defer to an IJ’s credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling.” Xiu Xia Lin v. Mukasey, 584 F.3d 162, 167 (2d Cir.2008).
In concluding that Jiang was not credible, the IJ reasonably found that there were discrepancies between Jiang’s testimony and the documentary evidence that he submitted. While Jiang testified that the police searched for him at his parents’ home because his Falun Gong master provided police with a list that identified Jiang as one of his followers, a letter from Jiang’s Falun Gong master omitted this information. The IJ also reasonably found a discrepancy between Jiang’s testimony and a letter from Jiang’s parents. While Jiang testified that police went to his parents’ home to arrest him in 2004, a letter from his parents omits this information. A reasonable fact-finder would not be compelled to credit Jiang’s argument that these discrepancies were immaterial. See Majidi v. Gonzales, 430 F.3d 77, 81 (2d Cir.2005); see also Surinder Singh v. B.I.A. 438 F.3d 145, 148 (2d Cir.2006).
Having called Jiang’s testimony into question, the IJ properly concluded that the absence of corroborative evidence from his roommate undermined his ci-edibility, or, at least, rendered him unable to rehabilitate testimony that had already been called into question. See Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 341 (2d Cir.2006).
Ultimately, substantial evidence supports the IJ’s adverse credibility determination. See 8 U.S.C. § 1252(b)(4)(B); Xm Xia Lin, 534 at 167. Therefore, the IJ properly denied Jiang’s application for asylum, withholding of removal, and CAT relief because the only evidence that Jiang would be persecuted or tortured depended on his credibility. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006).
For the foregoing reasons, the petition for review is DENIED. Having completed our review, we DISMISS the petitioner’s pending motion for a stay of removal as moot.